# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

GABRIEL YATES,

     Plaintiff,

vs.

NAPHCARE, et al.,

     Defendants.

Case No. 2:12-cv-01865-JCM-VCF

**ORDER**

Defendants Gillespie and Clark County Detention Center have removed this action from state court, and defendant NaphCare has joined in the removal.  The court has reviewed plaintiff's amended complaint.  Plaintiff will need to file a further amended complaint.

When a "prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," the court must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).  Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted.  Allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam).

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  . . . [T]he pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.  A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action

> will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." . . .
>
> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009) (citations omitted).

Plaintiff is a pre-trial detainee in the Clark County Detention Center. The Las Vegas Metropolitan Police Department operates the Clark County Detention Center. Defendant NaphCare has contracted to provide medical services in the jail. Count A is a claim of state-law negligence concerning the disclosure of medical records. Based upon transcripts attached as exhibits to the complaint, plaintiff and his co-defendant asked for disclosure of each other's jail medical records. The trial judge ordered NaphCare to send the records to her, and only to her. She would then review the records and determine what could be disclosed. NaphCare instead sent the records for each defendant to the other defendant's counsel. The lawyers all guaranteed the judge that, once they realized what they had obtained, neither they nor their investigators looked at the medical records.

Plaintiff alleges that this improper disclosure caused him to become depressed and to suffer other emotional distress. Plaintiff cannot recover for emotional injuries without first proving that he suffered physical injury. 42 U.S.C. § 1997e(e). Plaintiff does not allege, and the subject matter of the ground does not indicate, that he suffered physical injury. Plaintiff also alleges that the disclosure destroyed his defense strategy, for which he has incurred legal fees and costs. This allegation is implausible. Appointed counsel are representing plaintiff, and he is not paying any costs personally. Count A fails to state a claim upon which relief can be granted. Plaintiff should omit this negligence claim in his second amended complaint.

In count B, plaintiff alleges that the Clark County Detention Center is denying plaintiff access to legal reference and writing materials. To the extent that plaintiff is complaining that he is unable to litigate in his criminal case, his appointed counsel satisfies the right of access to the courts. See Storseth v. Spellman, 654 F.2d 1349, 1353 (9th Cir. 1981). Plaintiff might be

-2-

complaining that he is unable to commence civil actions. However, plaintiff is the sole plaintiff in two civil actions pending before this court, this action and Yates v. NaphCare, 2:12-cv-01725-JCM-VCF. Plaintiff also is one of multiple plaintiffs in Bailey v. Suey, 2:12-cv-01954-JCM-CWH. Plaintiff has not shown, nor can he show, that he has suffered an actual injury to his right of access to the courts. See Lewis v. Casey, 518 U.S. 343, 348-53 (1996). Count B fails to state a claim upon which relief can be granted. Plaintiff should omit this claim in his second amended complaint.

Count C contains four claims. First, plaintiff alleges that NaphCare's disclosure of his medical records to co-defendant's counsel violated Nev. Rev. Stat. §§ 49.225 and 449.720 and the Health Insurance Portability and Accountability Act (HIPAA). The state-law provisions create no private right of action. Likewise, HIPAA has no private right of action. Webb v. Smart Documents Solutions, LLC, 499 F.3d 1078, 1080 (9th Cir. 2007). Plaintiff should omit this claim from his second amended complaint.

Second, plaintiff complains that the Clark County Detention Center does not provide him with writing paper and envelopes. This repeats the claim in count B, discussed above, and it fails to state a claim for the same reason. Plaintiff should omit this claim from his second amended complaint.

The third and fourth claims in count C concern the medical care that plaintiff is receiving at the Clark County Detention Center. "[D]eliberate indifference to a prisoner's serious illness or injury states a cause of action under section 1983." Estelle v. Gamble, 429 U.S. 97, 105 (1976). "A 'serious' medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992) (quoting Gamble, 429 U.S. 104), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). "The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment." McGuckin, 974 F.2d at 1059-60.

1    Plaintiff's third claim in count C is that defendants NaphCare and Clark County Detention

2    Center refuse to prescribe multivitamins and nutritional supplements.  Plaintiff has alleged no facts

3    indicating that he is not receiving the nutrients he needs from his diet.  The court will give plaintiff

4    the opportunity to correct this defect in his amended complaint.

5    Plaintiff's fourth claim is that defendants NaphCare and Clark County Detention Center

6    refuse to remove his orthodontic braces, and that the refusal is causing him both pain and

7    endangering his teeth.  The facts that plaintiff alleges do state a claim of deliberate indifference.

8    Plaintiff will need to re-allege this claim in his second amended complaint, or it will be waived.

9    King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).  However, plaintiff will need to correct the

10   defects with the defendants that he names, as discussed below.

11   Plaintiff has named three defendants:  NaphCare, Clark County Detention Center, and Doug

12   Gillespie, who is sheriff of Clark County, Nevada.[1]  Gillespie appears nowhere in the amended

13   complaint outside of the caption.  The two remaining claims involve possible violations of

14   plaintiff's constitutional rights, pursuant to 42 U.S.C. § 1983.  Gillespie cannot be liable pursuant to

15   § 1983 simply because he is a supervisor.  Ybarra v. Reno Thunderbird Mobile Home Village, 723

16   F.2d 675, 680 (9th Cir.1984).  Plaintiff will need to allege Gillespie's personal involvement.

17   The Clark County Detention Center is a building, not an entity that is capable of suing or

18   being sued.  The court dismisses the Clark County Detention Center from this action.

19   To succeed with claims against NaphCare, plaintiff must prove that any constitutional

20   violations that he suffered occurred as a result of an official policy or custom of NaphCare or the

21   Las Vegas Metropolitan Police Department.  Monell v. Department of Social Services of City of

22   New York, 436 U.S. 658, 690 (1978); Tsao v. Desert Palace, Inc., 698 F.3d 1128 (9th Cir. 2012)

23   (Monell's requirements apply to private entities sued under § 1983).  Plaintiff does not allege any

24   facts that could indicate that what happened to him was a result of an official policy or custom of

25

26

27

28   [1]Plaintiff also designates sixteen "Doe" defendants in the caption.  The action cannot
     proceed against these defendants unless plaintiff provides their identities.

-4-

1   either NaphCare or the Las Vegas Metropolitan Police Department.  The court will give plaintiff the

2   opportunity to correct this defect in a second amended complaint.

3         Defendant NaphCare filed a motion to dismiss in state court before the removal of the action

4   to this court.  Defendants Clark County Detention Center and Gillespie filed a motion to dismiss

5   (#5) after they removed the action to this court.  The court grants these motions to dismiss, but

6   plaintiff will have the opportunity to correct the defects that are capable of correction.

7         Plaintiff has submitted a motion to appoint counsel (#10).

8         There is no constitutional right to appointed counsel in a § 1983 action.  However, in
    "exceptional circumstances," a district court may appoint counsel for indigent civil litigants
9   pursuant to 28 U.S.C. § 1915[(e)(1)].  To decide whether these exceptional circumstances
    exist, a district court must evaluate both the likelihood of success on the merits and the
10  ability of the petitioner to articulate his claims pro se in light of the complexity of the legal
    issues involved.

11

12  Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997) (internal quotations and citations omitted),

13  withdrawn on other grounds, 154 F.3d 952, 954 n.1 (9th Cir. 1998) (en banc).  The court finds that

14  exceptional circumstances do not exist in this case, and the court denies the motion.

15        The defendants have filed a joint motion to stay discovery (#15).  The court grants this

16  motion.  Discovery will not occur unless and until plaintiff files a second amended complaint and

17  the court determines pursuant to 28 U.S.C. § 1915A that the defendants need to respond to it.

18        Defendant NaphCare has filed a motion to strike (#19) plaintiff's notice of a possible

19  settlement (#18).  The court grants the motion in part because plaintiff should not be filing

20  communications between him and opposing counsel in court.  They are irrelevant to the issues

21  before the court.  The court will not impose the sanctions that defendant NaphCare seeks.  What

22  plaintiff did is hardly extraordinary.  Plaintiffs proceeding pro se often file inappropriate documents,

23  and warnings by the court usually take care of the problems.  If plaintiff continues to file

24  inappropriate documents, then the court will consider sanctions, including the dismissal of this

25  action.

26        IT IS THEREFORE ORDERED that plaintiff's motion to appoint counsel (#10) is

27  **DENIED**.

28

1   IT IS FURTHER ORDERED that defendants' joint motion to stay discovery (#15) is

2   **GRANTED**.

3   IT IS FURTHER ORDERED that defendant NaphCare's motion to strike (#19) is

4   **GRANTED** in part.  The clerk of the court shall strike plaintiff's notice of possible stipulated

5   agreement (#18) from the record.

6   IT IS FURTHER ORDERED that defendant NaphCare's motion to dismiss is **GRANTED**.

7   IT IS FURTHER ORDERED that defendants Clark County Detention Center's and

8   Gillespie's motion to dismiss (#5) is **GRANTED**.

9   IT IS FURTHER ORDERED that defendant Clark County Detention Center is **DISMISSED**

10  from this action.

11  IT IS FURTHER ORDERED that the complaint is **DISMISSED** for failure to state a claim

12  upon which relief can be granted, with leave to amend.  The clerk shall send to plaintiff a civil rights

13  complaint form with instructions.  Plaintiff will have thirty (30) days from the date that this order is

14  entered to submit his amended complaint, if he believes that he can correct the noted deficiencies.

15  Failure to comply with this order will result in the dismissal of this action.

16  IT IS FURTHER ORDERED that plaintiff shall clearly title the amended complaint as such

17  by placing the phrase "SECOND AMENDED" immediately above "Civil Rights Complaint

18  Pursuant to 42 U.S.C. § 1983" on page 1 in the caption, and plaintiff shall place the case number,

19  2:12-cv-01865-JCM-VCF, above the phrase "SECOND AMENDED."

20  DATED:  August 23, 2013.

21

22

23  JAMES C. MAHAN
    United States District Judge

24

25

26

27

28