1

2

3

4

5

6            **UNITED STATES DISTRICT COURT**

7               **DISTRICT OF NEVADA**

8

9    GABRIEL YATES,

10            Plaintiff,                          Case No. 2:12-cv-01865-JCM-VCF

11    vs.                                          **ORDER**

12    NAPHCARE, et al.,

13            Defendants.

14

15            Presently before the court is *pro se* plaintiff Gabriel Yates' amended emergency motion for a

16    temporary restraining order.  (Doc. # 32).  Plaintiff is a pre-trial detainee being held at the Clark County

17    Detention Center ("CCDC").  The instant motion seeks an order directing the CCDC and its medical

18    care provider, NaphCare, Inc., to perform a dental procedure on plaintiff to remove a part of his braces.

19            A court may issue a temporary restraining order when the moving party provides specific facts

20    showing that immediate and irreparable injury, loss, or damage will result before the adverse party's

21    opposition to a motion for preliminary injunction can be heard. Fed. R. Civ. P.65.  "The purpose of a

22    temporary restraining order is to preserve the status quo before a preliminary injunction hearing may

23    be held; its provisional remedial nature is designed merely to prevent irreparable loss of rights prior to

24    judgment." *Estes v. Gaston*, no. 2:12-cv-1853-JCM-VCF, 2012 WL 5839490, at *2 (D. Nev. Nov. 16,

25    2012) (citing *Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984)).

26    "Thus, in seeking a temporary restraining order, the movant must demonstrate that the denial of relief

27

28

1    will expose him to some significant risk of irreparable injury." *Id.* (quoting *Associated Gen.*

2    *Contractors of California v. Coalition of Economic Equity*, 950 F.2d 1401, 1410 (9th Cir. 1991).[1]

3         Although perhaps an annoyance, plaintiff has not asserted that the offending wire will cause

4    irreparable injury of the degree warranting the relief he seeks.  In fact, he has not even alleged the

5    possibility of irreparable damage at all.  Instead, plaintiff conclusorily asserts that the wire prevents him

6    from eating, sleeping, and talking in a normal and "pain-free" manner.  Although perhaps inconvenient,

7    these alleged injuries are by no means irreparable.

8         Plaintiff further urges the court to grant the motion and order defendants to perform the

9    operation before permitting defendants an opportunity to respond.  Granting this request, however,

10   would moot the need for defendants to respond to the motion at all as the operation would be complete.

11   Although plaintiff has not filed one, this issue is more appropriately reserved for the briefing schedule

12   provided by a motion for a preliminary injunction.

13        Upon consideration of the motion, the court concludes plaintiff has not met his burden under

14   *Winter*.

15        Accordingly,

16        IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff's amended emergency

17   motion for a temporary restraining order (doc. # 32) be, and the same hereby is, DENIED.

18        DATED February 28, 2014.

19

20

21   JAMES C. MAHAN
     United States District Judge

22

23

24

25

26   [1]

27    The Supreme Court has stated that courts must consider the following factors in determining whether to issue a
     temporary restraining order and preliminary injunction: (1) a likelihood of success on the merits; (2) likelihood
     of irreparable injury if preliminary relief is not granted; (3) balance of hardships; and (4) advancement of the

28   public interest. *Winter v. N.R.D.C.*, 129 S. Ct. 365, 374–76 (2008).