# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

GABRIEL YATES,

    Plaintiff,

vs.

NAPHCARE, et al.,

    Defendants.

Case No. 2:12-cv-01865-JCM-VCF

**ORDER**

    Presently before the court is *pro se* plaintiff Gabriel Yates' amended emergency motion for a temporary restraining order. (Doc. # 32). Plaintiff is a pre-trial detainee being held at the Clark County Detention Center ("CCDC").  The instant motion seeks an order directing the CCDC and its medical care provider, NaphCare, Inc., to perform a dental procedure on plaintiff to remove a part of his braces.

    A court may issue a temporary restraining order when the moving party provides specific facts showing that immediate and irreparable injury, loss, or damage will result before the adverse party's opposition to a motion for preliminary injunction can be heard. Fed. R. Civ. P.65.  "The purpose of a temporary restraining order is to preserve the status quo before a preliminary injunction hearing may be held; its provisional remedial nature is designed merely to prevent irreparable loss of rights prior to judgment." *Estes v. Gaston*, no. 2:12-cv-1853-JCM-VCF, 2012 WL 5839490, at *2 (D. Nev. Nov. 16, 2012) (citing *Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984)). "Thus, in seeking a temporary restraining order, the movant must demonstrate that the denial of relief

will expose him to some significant risk of irreparable injury." *Id.* (quoting *Associated Gen. Contractors of California v. Coalition of Economic Equity*, 950 F.2d 1401, 1410 (9th Cir. 1991).[1]

Although perhaps an annoyance, plaintiff has not asserted that the offending wire will cause irreparable injury of the degree warranting the relief he seeks. In fact, he has not even alleged the possibility of irreparable damage at all. Instead, plaintiff conclusorily asserts that the wire prevents him from eating, sleeping, and talking in a normal and "pain-free" manner. Although perhaps inconvenient, these alleged injuries are by no means irreparable.

Plaintiff further urges the court to grant the motion and order defendants to perform the operation before permitting defendants an opportunity to respond. Granting this request, however, would moot the need for defendants to respond to the motion at all as the operation would be complete. Although plaintiff has not filed one, this issue is more appropriately reserved for the briefing schedule provided by a motion for a preliminary injunction.

Upon consideration of the motion, the court concludes plaintiff has not met his burden under *Winter*.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff's amended emergency motion for a temporary restraining order (doc. # 32) be, and the same hereby is, DENIED.

DATED February 28, 2014.

_____
JAMES C. MAHAN
United States District Judge

---

[1] The Supreme Court has stated that courts must consider the following factors in determining whether to issue a temporary restraining order and preliminary injunction: (1) a likelihood of success on the merits; (2) likelihood of irreparable injury if preliminary relief is not granted; (3) balance of hardships; and (4) advancement of the public interest. *Winter v. N.R.D.C.*, 129 S. Ct. 365, 374–76 (2008).