UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

GABRIEL YATES,

    Plaintiff,

vs.

NAPHCARE, et al.,

    Defendants.

Case No. 2:12-cv-01865-JCM-VCF

**ORDER**

Presently before the court is *pro se* plaintiff Gabriel Yates' emergency motion for a preliminary injunction. (Doc. # 38). Defendant NaphCare, Inc. has filed a response in opposition (doc. # 39) to which defendant Douglas Gillespie joined (doc. # 40).

Plaintiff is a pre-trial detainee being held at the Clark County Detention Center ("CCDC"). Plaintiff seeks an order directing the CCDC and its medical care provider, NaphCare, Inc., to perform a dental procedure on plaintiff to remove a portion of his braces.

Plaintiff initially filed an emergency temporary restraining order (doc. # 32) seeking the same relief, which the court denied in order to allow defendants an opportunity to respond. (Doc. # 35).

As an initial matter, the court acknowledges that the complaint was filed *pro se* and is therefore held to less stringent standards. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (internal quotations and citations omitted). However, "*pro se* litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record." *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir.1986)

With respect to preliminary injunctions, the Supreme Court has stated that courts must evaluate the following factors: (1) likelihood of success on the merits; (2) likelihood of irreparable injury if preliminary relief is not granted; (3) balance of hardships; and (4) advancement of the public interest. *Winter v. N.R.D.C.*, 129 S. Ct. 365, 374–76 (2008). Mandatory (or affirmative) injunctions are particularly disfavored and "are not granted unless extreme or very serious damage will result[,] and are not issued in most cases." *Park Vill. Apt. Tenants Ass'n v. Mortimer Howard Trust*, 636 F.3d 1150, 1160 (9th Cir. 2011).

The court has considered plaintiff's motion in light of the *Winter* factors and finds the extraordinary relief he seeks is not warranted.

First, the court echoes its previous finding that "[a]lthough perhaps an annoyance, plaintiff has not asserted that the offending wire will cause irreparable injury of the degree warranting the relief he seeks. In fact, he has not even alleged the possibility of irreparable damage at all. Instead, plaintiff conclusorily asserts that the wire prevents him from eating, sleeping, and talking in a normal and "pain-free" manner. Although perhaps inconvenient, these alleged injuries are by no means irreparable." *Id.* at p. 2.

Second, defendants reveal that plaintiff has not requested any dental evaluation of the CCDC in nearly one year. As the subject wire on his braces allegedly broke on January 31, 2014, the court concludes that plaintiff is simply attempting to bypass the proper administrative procedures in effect at the CCDC by immediately resorting to the court.

In addition to failing to satisfy the *Winter* factors, the court finds the motion is unnecessary and premature.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff's emergency motion for a preliminary injunction (doc. # 38) be, and the same hereby is, DENIED.

DATED April 14, 2014.

_____
JAMES C. MAHAN
United States District Judge